IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

```
                          )
DIONE M. THOMAS,          )
                          )
     Plaintiff,           )
                          )
v.                        )  Civil Action No. 1:15-cv-00596
                          )
JACOBS FEDERAL NETWORK     )
SYSTEMS LLC,              )
                          )
     Defendant.           )
                          )
```

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant Jacobs Federal Network Systems LLC ("FNS")'s Motion to Dismiss.

FNS moves to dismiss the retaliation claims asserted against it by Plaintiff under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII"), as alleged in her Second Amended Complaint. Plaintiff brings two counts, Retaliation for Protected Activity and Termination of Employment as Retaliatory. The counts must be dismissed under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

On February 9, 2015, Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination against "Jacobs Engineering," alleging that she was denied a promotion

1

because of her gender. Plaintiff alleged that although she was "paid by subcontractor Sotera Defense, Jacobs Engineering holds the prime contract on which I work, and controls my schedule and directs my day-to-day work." She asserted that in November 2014, she "expressed an interest in promotion to a position as Network Technician, Tier III, through Sotera Defense" and that she "was told there were no Tier III openings available." She contended that she later learned that a "lesser qualified male was selected for promotion to the Tier III position by FNS Engineering."

On April 27, 2015, Plaintiff filed a second EEOC charge against "Jacobs Engineering Group Inc[.]" alleging both sex discrimination and retaliation. In her second charge, Plaintiff alleged that she "was passed over for promotion when a male colleague was promoted to Tier III." She stated that she "complained with the Department of Human Resources of Sotera Defense" but "continued to be denied career progression." Plaintiff concludes that FNS violated Title VII by subjecting her to discrimination on the basis of her gender and in retaliation for having filed her first EEOC Charge. On April 29, 2015, the EEOC issued a Dismissal and Notice of Rights with the same number as the second EEOC Charge, informing Plaintiff of her right to assert Title VII claims within ninety days of receiving the notice.

On May 7, 2015, Plaintiff filed a Complaint against "FNS

Jacobs" claiming that she was denied promotion because of her gender. The two-page Complaint did not allege that Plaintiff was employed by FNS, did not state that she ever applied for the position in question, and did not identify the legal basis for her cause of action. The Complaint expressly alleged that Plaintiff is employed by Sotera Defense Solutions, Inc. ("Sotera"). While Plaintiff attached a copy of her first EEOC Charge to the Complaint, she did not attach copies of her second EEOC Charge or Notice of Rights.

Plaintiff had until September 4, 2015—120 days after filing the Complaint on May 7, 2015—to serve the summons and Complaint on FNS. She did not do so. Accordingly, on September 21, 2015, the Court entered an Order directing Plaintiff to show cause by 5:00 p.m. on Wednesday, October 7, 2015, why her case should not be dismissed for insufficient service of process pursuant to FRCP 4(m). Plaintiff requested twenty-one additional days to effect service, explaining that her noncompliance with Rule 4(m) was the result of "further burdens' [sic] and damages, (e.g. monetary, increased risk of losing security TS/SCI clearance)."

On October 16, 2015, the Court entered an Order concluding that Plaintiff "failed to establish any good cause for not having complied with the service requirements of Rule 4(m)." Nevertheless, "as a matter of grace," the Court granted Plaintiff's request for an extension of time to effect service of

3

process:

> [P]laintiff may have until 5:00 p.m., Friday, November 6, 2015, to effect proper service of the complaint and summons on defendant in accordance with Rule 4(m), Fed. R. Civ. P. Plaintiff must also file an appropriate proof of service affidavit by 5:00 p.m., Friday, November 6, 2015. In the event plaintiff fails to effect proper service on defendant by November 6, 2015, or to file an appropriate proof of service affidavit by that date, this matter will be promptly dismissed without prejudice pursuant to Rule 4(m), Fed. R. Civ. P.

Doc. 7.

Plaintiff did not comply with the Court's Order of October 16, 2015. Instead, on October 23, 2015, she filed an Amended Complaint against FNS and five additional defendants—FNS employees Kenuana Engram, Patricia Shea, and Vernon Saunders (collectively, "FNS Individual Defendants"); Sotera; and Sotera employee Deborah Drake ("Drake"). The Amended Complaint contained the same allegations as the original Complaint, adding a claim for "retaliation of prior Title VII."

On December 23, 2015, Defendant FNS entered a limited and special appearance on behalf of FNS to bring a motion to dismiss Plaintiff's claims for insufficient service of process under FRCP 4(m) and 12(b)(5), and a motion to dismiss for failure to state a claim under FRCP 12(b)(6). The remaining defendants also filed motions to dismiss.

The Court heard oral argument on the motions to dismiss on January 29, 2016. The Court dismissed with prejudice Plaintiff's

4

claims against Sotera, Drake, and the FNS Individual Defendants. The Court stated from the bench that it would dismiss Plaintiff's claims against FNS without prejudice, with leave to properly serve FNS within three weeks. Later the same day, the Court issued a written order later the same day denying FNS' motion to dismiss for insufficient service of process, directing Plaintiff to serve FNS by 5:00 p.m. Friday, February 19, 2016.

During open court the morning of January 29, 2016, in the presence of Sotera's counsel who was seated in the gallery and in attendance, Plaintiff breached her confidentiality obligations to Sotera and the U.S. Government. In so doing, Plaintiff committed a security violation in breach of her obligations under the National Industrial Security Program Operating Manual ("NISPOM"), and her Non-Disclosure Agreement with the U.S. Government per her security clearance obligations. Following this hearing, and as a result of the disclosure, Sotera terminated her employment.

On February 10, 2016, Plaintiff served FNS with a summons and copy of the original Complaint she filed on May 7, 2015, and a copy of the original EEOC Charge that she filed on February 9, 2015. Neither the original Complaint nor Charge referenced retaliation. On March 2, 2016, FNS filed its Renewed Motion to Dismiss because Plaintiff again failed to state any claim under Title VII against FNS.

During the pendency of briefing on FNS's Renewed Motion to

Dismiss, Plaintiff submitted an ex parte letter to the chambers of the Judge who then presided over the case. By Order of March 31, 2016, the Court recused, and directed that the matter be reassigned to another Judge. The matter was reassigned. This Court held a hearing on FNS's Renewed Motion to Dismiss on April 29, 2016, and granted FNS's Renewed Motion to Dismiss, without prejudice, and gave Plaintiff twenty days to amend her Complaint, directing her to identify the specific facts underlying her claims.

Plaintiff filed a Second Amended Complaint on May 19, 2016, purporting to allege two counts of retaliation in violation of Title VII:  Retaliation for Protected Activity (Complaining of Gender Discrimination) and Termination of Employment as Retaliatory. This Court's Order of July 19, 2016, granted then-Defendant Sotera's Motion to Dismiss and dismissed this case as to Sotera, leaving FNS as the remaining defendant party.

Plaintiff's Second Amended Complaint does not describe how FNS participated in preventing her from obtaining a desired promotion. The Second Amended Complaint only alleges conclusory assertions against FNS:

- "Defendant FNS Jacobs' attorneys reported Plaintiff's testimony before this Court on January 29, 2016, to Sotera's Deborah Drake (Human Resource), resulting in the termination of Plaintiff's employment. But for the report of FNS Jacobs' attorneys, Sotera would not have had the pretext to terminate Plaintiff." Doc. 57 1, n.1.

6

- "Defendant FNS Jacobs is the prime contractor and Defendant Sotera is the subcontractor on a contract pertaining to Cyber Security and Information Technology with the U.S. Government." <u>Id.</u> ¶ 2.

- "Both Defendants actively consult each other in matters relative to employment with Defendant Sotera, to include matters pertaining to Plaintiff." <u>Id.</u> ¶ 3.

- "FNS Jacobs is . . . is an "employer' as defined in 42 U.S.C. §2000e(b)." <u>Id.</u> ¶ 8.

- "Between November 24, 2014 and January 6, 2016 Plaintiff applied for more than twenty (20) positions with Defendant Jacobs Defense. Plaintiff has not received one single interview." <u>Id.</u> ¶ 35.

- "Between April 1 – 30, 2015 Plaintiff emailed four Jacobs manager with Defendant Jacobs Defense pertaining to progressing career from the Enterprise Network Operation Center. Plaintiff has not received one single response." <u>Id.</u> ¶ 36.

- "The attorneys for Defendant FNS Jacobs reported back to Defendant Sotera what Plaintiff testified to the Court." <u>Id.</u> ¶ 53.

- "On the basis of this information . . . Defendants jointly created a pretext for terminating Plaintiff from her employment. (See attached Termination Letter, Exhibit 'A')." <u>Id.</u> ¶ 54.

Plaintiff makes one reference in her Second Amended Complaint to a charge filed with the EEOC, but pleads no further details.

Plaintiff's allegations remain insufficient to state a viable claim for relief against Defendant FNS. Plaintiff's pleadings exclude factual allegations raising any plausible inference that FNS participated in any discrimination or retaliation against her, and she has failed to allege any causal connection that could result in any such liability.

7

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint. See, e.g., Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999); District 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp., 609 F.2d 1083, 1085-86 (4th Cir. 1979). Generalized, unsupported assertions are insufficient to state a claim.

A court should dismiss a complaint if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. A claim will lack "facial plausibility" unless the plaintiff "plead[s] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). A complaint must contain sufficient evidentiary facts to raise a plausible—as opposed to merely conceivable-inference that the Plaintiff is entitled to relief. Twombly, 550 U.S. at 570; Iqbal, 556 U.S. at 680. Plaintiff must allege enough facts "to raise a right to relief above the speculative level[.]" Robinson

v. Am. Honda Motor Co., 551 F.3d 218, 222 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 555, 570).

Count I of the Second Amended Complaint still fails to state a viable Title VII retaliation claim against Defendant FNS. Plaintiff must allege sufficient facts to show that she engaged in protected activity, the employer took an adverse employment action against the employee, and there is a causal connection between the protected activity and the adverse action. Ross v. Comm'ns Satellite Corp., 759 F.2d 355, 365 (4th Cir. 1985). "Title VII retaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action." Univ. of Tx. Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2528 (2013).

Count I of the Second Amended Complaint attributes insufficient alleged misconduct specific to Defendant FNS. First, Plaintiff contends that "[b]etween November 24, 2014 and January 6, 2016 [she] applied for more than twenty (20) positions with Defendant Jacobs Defense" but did not receive "one single interview." Second, she alleges that between April 1-30, 2015, she "emailed four Jacobs manager with Defendant Jacobs Defense pertaining to progressing career from the Enterprise Network Operation Center" but did not receive "one single response."

These factual allegations do not plead a viable retaliation claim against FNS under Title VII. Plaintiff does not identify

the positions for which she applied or where they were located. Plaintiff does not allege that she had the requisite qualifications for the positions. Plaintiff does not claim that the people responsible for selecting interviewees had any knowledge of her protected activity, and does not state whether the positions eventually were filled by others. Plaintiff does not identify the FNS managers to whom she sent any alleged emails, whether she even requested a response, or whether she suffered any adverse employment consequences because of any alleged unreturned emails. The mere act of applying for positions and not getting interviews does not give rise to an inference of unlawful conduct. See, e.g., Univ. of Tx. Sw. Med. Ctr., 133 S. Ct. at 2528.

As for Count II of the Second Amended Complaint, concerning a Title VII claim for retaliatory discharge, this Court lacks jurisdiction because Plaintiff has not exhausted her administrative remedies. Plaintiff alleges that FNS retaliated against her by "report[ing] back to Defendant Sotera what Plaintiff testified to the Court," and then "jointly [with Sotera] created a pretext for terminating Plaintiff from her employment."

Before bringing suit under Title VII, a plaintiff must first file a charge with the EEOC and receive notice of her right to bring a lawsuit. 42 U.S.C. § 2000e-5(f)(1). Again, the EEOC's

Dismissal and Notice of Rights of April 29, 2015 concerned only Plaintiff's alleged denial of career progression, predating FNS' alleged retaliatory dismissal of Plaintiff. On March 24, 2016, Plaintiff filed an EEOC Charge against FNS alleging that she had been terminated because of her race and sex and in retaliation for engaging in protected activity under Title VII. The EEOC has not issued Plaintiff a notice of right to sue. Consequently, she has not exhausted her administrative remedies with respect to that claim.

The fifth paragraph of Plaintiff's Second Amended Complaint expressly acknowledges that she has not exhausted her administrative remedies: "[t]his Court also has subject matter jurisdiction over this retaliation matter even though it is brought before the Court without having been administratively exhausted." To that end, Plaintiff cites a distinguishable Fourth Circuit case, Hentosh v. Old Dominion Univ. 767 F.3d 413 (4th Cir. 2014). The Fourth Circuit was clear as to the unique posture of Hentosh:

> Significantly here, in Nealon v. Stone, 958 F.2d 584 (4th Cir.1992), we held that a plaintiff may raise for the first time in federal court the claim that her employer retaliated against her for filing with the EEOC in violation of Title VII. Id. at 590. This exception is "the inevitable corollary of our generally accepted principle" that we have jurisdiction over those claims "reasonably related to" the allegations in the administrative charge. Id. Practically, it also responds to the fact that if a plaintiff faced retaliation for filing an initial EEOC

> claim, she would " 'naturally be gun shy about inviting further retaliation by filing a second charge complaining about the first retaliation.'" <u>Id.</u> (quoting <u>Malhotra v. Cotter & Co.</u>, 885 F.2d 1305, 1312 (7th Cir. 1989)).

<u>Hentosh v. Old Dominion Univ.</u>, 767 F.3d 413, 416-17 (4th Cir. 2014).

Here, Plaintiff asserts that Defendant's alleged retaliation came in response to Plaintiff's statements in court. Plaintiff does not assert, like <u>Hentosh</u>, that the alleged retaliation had anything to do with her filing an EEOC charge.[1] Thus, standard administrative remedies must be exhausted before proceeding to this Court, and this Court has no subject matter jurisdiction over the Count II at this time.

Seeing that Count I fails to state a claim, and this Court lacks jurisdiction over Count II, Plaintiff's Second Amended Complaint must be dismissed.

Plaintiff filed a Motion for Partial Summary Judgment, which in light of this opinion is moot.

An appropriate order shall issue.

---

[1] The same distinction follows for the second case Plaintiff cites in asserting that this Court has jurisdiction despite Plaintiff failing to exhaust her administrative remedies. <u>See</u> <u>Nealon v. Stone</u>, 958 F.2d at 590 (4th Cir. 1992) (making exception to administrative remedy exhaustion for a retaliation claim alleging retaliation against plaintiff's filing an EEOC charge).

CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
July 27, 2016